UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 1:14-cv-22651-FAM

ADRIENNE BOWMAN,             :
Individually,                :
                             :
        Plaintiff,           :
v.                           :
                             :
G.F.C.H. ENTERPRISES, INC., a Florida for:
profit Corporation,          :
                             :
                             :
        Defendant(s).        :
_____ /

**PLAINTIFF'S RESPONSE IN OPOSITION TO DEFENDANT'S MOTION TO DISMISS**

  **COMES NOW**, the Plaintiff, ADRIENNE BOWMAN, pursuant to Southern District of Florida Local Rule, 7.1, and pursuant to this Courts Order, (DE-15), hereby files this response in opposition to Defendant, G.F.C.H. ENTERPRISES, INC., ("GFCH"), Motion to Dismiss, and in support states:

  1. On August 22, 2014, the Defendant, GFCH, filed a Motion to Dismiss, (DE-10), for (1) failure to state a cause of action; and (2) failure to join an indispensable party.

  2. Defendant, GFCH, asserts, Plaintiff lacks standing to bring this cause of action under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., ("ADA"), because the Plaintiff has filed multiple lawsuits in the County of Miami-Dade, Miami, that Plaintiff has suffered no injury, and is unlikely to suffer any future and immediate harm. *See* Def. Mtn. Diss., (DE-10), at para. 7-8.

  3. Defendant, GFCH, asserts, Plaintiff has failed to state a cause of action under the ADA, because Plaintiff's Complaint, (DE-1), contains only conclusions of law that are unsupported by

factual allegations demonstrating the Plaintiff was denied access to any part of the commercial property and any of the places of public accommodations contained therein, or that the architectural barriers impacted the Plaintiff directly or excluded the Plaintiff from availing herself of those services offered at the shopping center. *See* Def. Mtn. Diss., at para. 10.

4. Further Defendant, GFCH, asserts, Plaintiff has failed to state a cause of action because not all of the business at the subject commercial property are open to the public, Plaintiff's credibility is undermined because of the many ADA lawsuits she has filed previously, and because the Plaintiff has not proposed in its Complaint any readily achievable modifications to the subject commercial property that would not result in excessive cost, or change the nature of the services provided.

5. Next, Defendant, GFCH, asserts, Plaintiff's Complaint should be dismissed for failure to join an indispensable party, namely the tenant identified in Plaintiff's Complaint as Miller's Cafeteria. *See* Def. Mtn. Diss., (DE-10), at para. 14; *see also* Pln. Comp., at para. 8-9.

6. Specifically, the Defendant, GFCH, asserts, because the Plaintiff seeks to correct architectural barriers present within the restroom of Miller's Cafeteria, Defendant's tenant is an indispensable party to this litigation. *See* Def. Mtn. Diss., at para. 15.

7. Plaintiff, asserts her Complaint for removal of architectural barriers at the Defendant's commercial property and tenant space under the ADA properly alleges Plaintiff's standing to bring the present suit, properly alleges Plaintiff's standing to bring the present suit, and should not be dismissed for failure to join an indispensable party at this point in time.

## MORANDUM OF LAW IN OPPOSITION

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "… a short and plain

statement of the claim showing that pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not required to submit a detailed recitation of ever fact to support the pleaders cause of action, however a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678; (internal citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007).

## II. ANALYSIS

### A. Plaintiff's Standing Under Title III of the ADA

Defendant, GFCH, has not attached any affidavits or exhibits in support of their Motion to Dismiss, and attacks the allegations in Plaintiff's Complaint. Therefore, Defendant makes a facial challenge to Plaintiff's standing, and the Court should accept Plaintiff's allegations as true, and in the light most favorable to Plaintiff. *See Taylor v. Wing It Two, Inc.,* 13–61034–CIV, 2013 WL 3778315, at *2 (S.D.Fla. July 19, 2013); *citing to Hoewischer v. Cedar Bend Club, Inc., 877 F.Supp.2d 1212, 1221 (M.D.Fla.2012).*

Defendant argues that Plaintiff has not established the standing necessary to bring her claim in the present lawsuit because: (1) Plaintiff has not alleged she was denied access to any part of the shopping center, and therefore has not suffered an injury in fact; (2) that Plaintiff's intent to return to the subject commercial property and place of public accommodation; (3) that Plaintiff has not alleged "concrete plans to return," to the subject commercial property and/or place of public accommodation; (4) that the barriers Plaintiff seeks to redress are not fairly traceable to the Defendant, and therefore not casually connected to the Defendant; (5) and that the Defendant is

without the power to, and not required to grant Plaintiff relief, because the required removal of such barriers would require Defendant to alter the subject commercial property and place of public accommodation at a substantial cost, and because Plaintiff has failed to state that the removal of these barriers would be readily achievable, or suggest a reasonable modification. *See* Def. Mtn. Diss., at para. 10, 15-16, 28, 30-31.

Plaintiff here, seeks injunctive relief against the Defendant. To establish constitutional standing under Article III, Plaintiff must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and the defendant's alleged conduct; and (3) that the injury will likely be redressed by a favorable ruling. *See Lujan v. Defenders Wildlife*, 504 U.S. 555, 560-561 (1992). Further, because Plaintiff seeks prospective injunctive relief, the Complaint must allege "… a real and immediate-as opposed to a merely conjectural or hypothetical-threat of *future* injury," Citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

1. **Bowman's Standing**

Defendant argues that Plaintiff failed to allege she was denied access to any part of the subject shopping commercial property, and that Plaintiff intends to return to the subject places of public accommodations in the future. *See* Def. Mtn. Diss., at para. 10-11. However, Plaintiff's Complaint alleges she visited the subject commercial property on February 28, 2014. Further, Plaintiff has alleged she encountered or has actual knowledge of those "architectural barriers at the subject commercial property…, and places of public accommodation." *See* Pln. Comp. para. 5-6. Moreover, Plaintiff has clearly alleged a desire and intent to return to the "subject commercial property, and (the place of public accommodation) Miller's Cafeteria…" once the architectural barriers identified in paragraph 15(a)-(d), have been removed. *See* Pln. Comp. para. 11. *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) ("Absent an

allegation that [a plaintiff] intends to return to the public accommodation, an ADA plaintiff fails to demonstrate this 'irreducible minimum' and thus lacks standing to sue for injunctive relief."). Clearly, Plaintiff has alleged an intent to return to the subject commercial property.

Defendant, next argues the thirty (30) mile travel distance from Plaintiff's residence to the subject commercial property negates her likelihood of return sufficient to confer standing. When analyzing future violations under the ADA, and a plaintiff's intent to return and any possibility of suffering future injury at a defendant's facility, four factors are applied, (1) the proximity of a place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the business in question. *See Norkunas v. Seahorse NB, LLC*, 720 F.Supp.2d 1313, 1316 (M.D. Fla. 2010).

As alleged by the Defendant, the travel distance of thirty (30) miles is not significant to weigh against the Plaintiff. *See Id.* at 1317 (The Court holding a distance of 325 miles between the plaintiff's residence and defendant's facility did not create speculative intent to return, where the plaintiff demonstrated a history of traveling to the Jacksonville area, and was further bolstered by plaintiff's past patronage at defendant's hotel); *see also Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323 (11th Cir. 2013) (Finding the distance of 30.5 miles between the plaintiff's residence and defendant's facility not to be conjectural, where the plaintiff traveled into Miami-Dade County on a regular basis); *see also Stevens v. Premier Cruises, Inc.,* 215 F.3d 1237 (11th Cir. 2000) (Finding plaintiff's allegation she would take another cruise "in the near future," was sufficient to properly allege standing for injunctive relief.). The distance here, is slight, and Plaintiff has alleged facts not only as to her patronage while at the subject commercial facility, and place of public accommodation, Miller's Cafeteria, but has also alleged a clear desire to return. *See* Pln. Comp.

para. 9-13. Further, Plaintiff has alleged facts that would give rise to an inference that she will suffer future discrimination by the Defendant. Specifically, Plaintiff has alleged she purchased merchandise from Miller's Cafeteria, and that she has knowledge of the barriers described in paragraph 15(a)-(d) of the Complaint. *Id.* at para. 5-6, and 11-13. *See Segal v. Rickey's Restaurant and Lounge, Inc.,* 11-61766-CIV, 2012 WL 2393769, at *4 (S.D. June 25, 2012) (*citing Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1138 (9th Cir. 2002) ("holding that past visits to a store, actual knowledge of barriers to access at the store, and statements that a plaintiff prefers a particular store is sufficient to establish actual or imminent injury") (*citing Steger v. Franco, Inc.,* 228 F.3d 889, 893-95 (8th Cir. 2000) ("holding that a disabled plaintiff may have standing even though he only entered the facility on one occasion"). The allegations in Plaintiff's Complaint are sufficient to establish Article III standing to pursue the present lawsuit.

Defendant next asserts Plaintiff has failed to plead the necessary factual allegation to establish her standing to pursue this cause of action because the barriers are not fairly traceable to the Defendant, and the Plaintiff has failed to allege that the modifications are readily achievable. However, the Complaint alleges a number of architectural barriers found at the subject facilities parking lot, entrance to access, and the paths of travel. *See* also Pln. Comp., at para. 15 (a)-(c). However the alleged violation pertaining to the parking lot, entrance to access, and the paths of travel are clearly traceable to the Defendant. Further, despite the Defendant's position it did not construct and design the facility, *citing to Rodriguez v. Investco, LLC,* 305 F.Supp.2d 1278, (M.D. Fla. 2004), the court in *Rodriguez* recognized that the purchasing entity of a commercial facility that pre-dates the ADA still requires compliance with the "specific prohibition" contained in the ADA that defines discrimination as including "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." *Id.* at 1283. Defendant must still

remove those architectural barriers, if it is "readily achievable." *Id*.

Addressing Defendant's claim as to redressability, Defendant asserts the costs would incur substantial costs, and Plaintiff has failed to allege the removal of said barriers would be readily achievable or suggest a reasonable modification. *See* Def. Mtn. Diss., at para. 30-31. The Defendant cites to *Access Now, Inc., v. South Florida Stadium Corp*, 161 F.Supp.2d 1357, 1369 (S.D. Fla. 2001) to support this proposition. However, in *Access Now, Inc*., unlike the present posture of this case, the court ruled on defendant's motion for summary judgment, and not on a motion to dismiss. Furthermore, Plaintiff as alleged the "Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable…" *See* Pln. Comp. para. 21.  Plaintiff's factual allegations describing the existing discriminatory barriers are sufficient "to demonstrate the 'readily achievable' nature of the barriers...'" at Defendant's commercial facility. *See Hoewischer v. Cedar Bend Club, Inc.,* 877 F.Supp.2d 1212, 1226-1227 (M.D. Fla. 2012).

### B. Plaintiff Complaint States a Cause of Action under Title III of the ADA

Defendant argues, Plaintiff has failed to state a claim under Title III of the ADA. In order to state a claim under Title III of the ADA, a Plaintiff must allege: "(1) [s]he is disabled; (2) that the [commercial facility] is a place of public accommodation; and (3) that [s]he was denied full and equal treatment because of [her] disability." Access Now, Inc., at 1362. Plaintiff's Complaint, alleges she is disabled, "…is an amputee [and] must utilize a wheelchair for mobility." Further, Defendant admits the subject commercial facility, is a place of public accommodation, as alleged in Plaintiff's Complaint. *See* Def. Mtn. Diss., at para. 2; *see also* Pln. Comp., at para. 7. Further, Plaintiff's Complaint properly alleges because she is wheelchair bound, the architectural barriers she encountered "injured and discriminated against [her] because her full and equal enjoyment

while at the subject commercial property and Miller's Cafeteria was denied, hindered, and prevented by the presence of architectural barriers… ." Pln. Comp., at para. 10.

Further, although the Plaintiff is required to provide sufficient information to place the Defendant on notice of the nature of the Plaintiff's claim, Plaintiff is not required to enumerate each and every barrier to access present at the Defendant's commercial facility that the Plaintiff claims in violates Title III of the ADA. Such a requirement would "ignore the plain meaning of the notice pleading provisions of the Federal Rules of Civil Procedure." *citing Gregory v. Melrose Group, LLC*, *Gregory v.Melrose Group, LLC,* No. 03 Civ. A. 2414, 2003 WL 22928805, *4 (E.D.La. Dec. 8, 2003). Further, at the pleading stage, Plaintiff is not required to demonstrate her "initial burden of suggesting a method of removal for each barrier identified, and proffering evidence that their suggested method is readily achievable." *Citing Brother v. CPL Investments, Inc.,* 317 F.Supp.2d 1358, 1370-1371 (S.D. Fla. 2004). Such "suggestions of methods of removal and a showing that the suggested methods are readily achievable require the guidance by an expert." *Id*. at 1371.

### C. Failure to Join Indispensable Party

Plaintiff finally argues, Plaintiff's Complaint should be dismissed for failure to join an indispensable party, namely the tenant, identified in Plaintiff's Complaint, as Miller's Cafeteria. Defendant, asserts because the architectural barriers within the place of public accommodation, Miller's Cafeteria is out of the control of the Defendant, and the individual tenant has an interest in this litigation, Plaintiff's Complaint must be dismissed until Defendant's tenant is joined. *See* Def. Mtn. Diss., at para. 56-58.

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." *Citing* 42 U.S.C. § 12182(a). Defendant's assertion that absent the tenant complete relief cannot be achieved us unfounded. *See Hoewischer v. Terry*, 3:11–cv–405–J–32JBT; 2011 WL 5510274, at *2 (M.D. Fla. November 10, 2011) ("…[A] landlord may not use the terms of a lease to avoid its responsibilities under the ADA"). "A party is considered necessary to an action if 'complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Citing Access 4 All, Inc., v. Atlantic Hotel Condominium Ass'n, Inc.,* 04-61740-CIV-JIC, 2005 WL 5643878, at * 14 (S.D. November 23 2005). Because the Defendant is equally as responsible as its tenant to comply with the mandates of the ADA, complete relief as to the non-compliant restroom can be achieved without the necessity of joining the tenant. *See Bostosan v. Paul McNally Realty*, 216 F.3d 827, 833 (9th Cir. 2000) ("Significantly, the regulation states that a landlord is a 'public accommodation,' which triggers coverage under Title III. *See* § 12182(a). Furthermore, the regulation provides that allocation of responsibility between the landlord and a tenant by lease is effective only '[a]s between the parties.' 28 C.F.R. § 36.201(b). Thus, contractual allocation of responsibility has no effect on the rights of third parties. *(Internal citations omitted)*. The power to waive or impose liability as against a third party resides only in Congress, and Congress has stated that both the landlord and tenant are liable under the Act.'").

## **CONCLUSION**

Plaintiff's Complaint, (DE-1), conforms with all pleading requirements to support a claim under Title III of the ADA for injunctive relief against the Defendant. Plaintiff's Complaint alleges specific facts as to her disability, the date of her visit to Defendant's commercial facility, her patronage at Defendant's tenant space, Miller Cafeteria, her desire to return to the commercial

facility upon its compliance with the ADA, and removal of architectural barriers as enumerated in paragraph 15(a)-(d) of Plaintiff's Complaint, and properly puts the Defendant on sufficient notice within the boundaries of Federal Rule of Civil Procedure 8, of the architectural barriers under the ADA. Further, the appropriate procedure of providing the Defendant with suggestions of whether the required alterations or modification to remove the present architectural barriers are readily achievable is through the discovery process and proceedings. Accordingly, dismissal at this stage is improper.

Date: September 17, 2014					By: /s/ *Camilo F. Ortega*
							Camilo F. Ortega, Esq.,
							(Florida Bar No: 75387)
							Of Counsel to the
							Law Offices of
							Thomas B. Bacon, P.A.
							**THE LAW CENTER**
							1888 NW 7 Street
							Miami, FL 33125
							Phone: (786)-452-9709
							Fax: (305)-643-3334
							E-Mail: camilo@thomasbaconlaw.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 17th day of September, 2014, I electronically filed the forgoing document with the Clerk of the Court using the Court's CM/ECF system. I Further certify that the foregoing document is being served on all *pro se* Defendants identified on the attached service list in the manner specified, either *via* transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner of those counsels or parties who are not authorized to receive electronic Notice of Filing.

							By: /S/ Camilo F. Ortega
							Camilo F. Ortega, Esq.

### SERVICE LIST

**Case Number: 1:14-cv-22651-FAM**

**Served** *via CM/ECF*
Thomas B. Bacon, Esq.,
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.,
Cooper City, Florida 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
E-Mail: tbb@thomasbaconlaw.com
Counsel for Plaintiff

**Served** *via CM/ECF*
Ricardo A. Gonzalez, Esq.,
Oscar Gomez, Esq.,
Gonzalez Lage, P.A.
8750 N.W. 36th Street
Suite 425
Miami, Florida 33178
Tel: (305) 591-8848
Fax: (305) 305-591-8404
E-Mail: ricardo@gllflaw.com
E-Mail: oscar@glfllaw.com
Counsel for the Defendant