UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22651-CIV-MORENO

ADRIENNE BOWMAN,

    Plaintiff,

vs.

G.F.C.H. ENTERPRISES, INC., a Florida for
profit corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff Adrienne Bowman filed a lawsuit against Defendant G.F.C.H. Enterprises, Inc., owner, operator and lessor of a shopping center in Miami-Dade County, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq* and the Florida Accessibility Code (FAC). Plaintiff seeks a declaratory judgment that Defendant is in violation of the ADA and an injunction directing Defendant to bring its facilities into full compliance with the appropriate ADA and FAC regulations.

For the reasons provided below, the Court finds that Defendant's Motion to Dismiss is granted pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of standing under Article III of the Constitution. This action is dismissed without prejudice. Plaintiff is granted leave to amend the complaint, consistent with this Order, by no later than *October 30*, 2014.

### I. Discussion

Plaintiff, a resident of Broward County, is an amputee who must use a wheelchair and "has difficulty operating mechanisms that require tight grasping, pinching, or twisting of the wrist." On

February 28, 2014, Plaintiff visited Defendant's commercial property, a small strip mall located in Miami-Dade County. Defendant owns, operates and leases the commercial property. During that visit, Plaintiff also visited Miller's Cafeteria, owned by one of Defendant's tenants. Plaintiff alleges she encountered certain architectural boundaries at the subject properties, including, *inter alia*, an insufficient number of disabled parking spaces and access aisles, inaccessible routes connecting the parking spots with the entrance of the property, and various deficiencies in the Miller's Cafeteria restrooms. She alleges that, as a result of these boundaries and Defendant's failure to implement proper policies and procedures required under the ADA, she was injured and discriminated against.

Plaintiff further alleges she "desires to, and would re-visit" the subject properties, but remains unable to do so as long as the barriers remain and the Defendant does not implement the proper policies and procedures. Lastly, while Plaintiff does not enumerate the mileage between her residence and the subject property, Defendant has alleged, and Plaintiff in her response does not refute, a distance of roughly 25 to 30 miles.

Defendant moves to dismiss the complaint, arguing that Plaintiff lacks standing to bring a cause of action under Title III of the ADA, has failed to state a cause of action under the ADA, and has failed to join indispensable parties, in this case the commercial tenants. Because the Court finds Plaintiff lacks Article III standing, it will not address the second and third arguments.

## II. Legal Standard

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of the parties' claims." U.S. Const., Art. III, § 2, cl.1; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Further, "standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinella Suncoast Transit Authority*,

344 F.3d 1263, 1275 (11th Cir. 2003).

Standing requires the following three elements: (1) the plaintiff must have suffered a "concrete and particularized" and "actual or imminent" injury-in-fact of a legally protected interest; (2) there must be a causal connection between the plaintiff's injury and the defendant's conduct; and (3) it must be likely that the injury will be redressed by a favorable decision. *Id.* With respect to the first element, because Plaintiff is suing Defendant for injunctive relief, he must also allege "a real and immediate - as opposed to a merely conjectural or hypothetical - threat of future injury." *Wooden v. Board of Regents of University Sys. of Geo.*, 247 F.3d 1262, 1284 (11th Cir. 2010). In ADA cases, the plaintiff must allege "a concrete and realistic plan of when he would visit" the public accommodation again. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1340 (11th Cir. 2001); *see also Wooden*, 247 F.3d at 1284 (the plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."); *City of Los Angeles v. Lyons*, 461 U.S. 95, 118 n.8 (1993) ("It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions.").

Plaintiff bears the burden of establishing his standing to sue Defendant for injunctive relief. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005). If the Plaintiff fails to meet this burden, the Court lacks jurisdiction. *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n*, 226 F.3d 1226, 1230 (11th Cir. 2000). Article III's standing requirements apply equally to ADA cases. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 415 (11th Cir. 2011).

Challenges to Article III standing may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where the jurisdictional attack is based on the face of the pleadings, the Court looks to the four corners of the complaint, and the allegations

in the plaintiff's complaint are taken as true for purposes of the motion to dismiss. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

### III. Analysis

The Court finds Plaintiff lacks Article III standing. Plaintiff has failed to satisfy the first element of standing where she has insufficiently alleged a "real and immediate . . . threat of future injury," *Wooden*, 247 F.3d at 1284, and has failed to meet her burden of demonstrating the requisite "concrete and realistic plan" to return to the subject properties. *E.g., Houston*, 733 F.3d at 1340. To assess the threat of future ADA violations in the context of standing, the Eleventh Circuit employs a "totality of circumstances" test, and has looked to the following factors: (a) proximity of the public accommodation to plaintiff's home; (b) plaintiff's past patronage of defendant's accommodation; (c) the definiteness of plaintiff's plan to return to defendant's accommodation; and (d) the frequency of plaintiff's travel near defendant's accommodation. *Id.* at 1337.

With respect to the proximity factor, the Court does not find that a distance of 25 to 30 miles, by itself, demonstrates Plaintiff's inability to allege a future violation. However, when considered in conjunction with the remaining factors, Plaintiff has failed to provide any support for the bare assertion that she would return to the subject properties. First, with respect to the "past patronage" and "frequency of travel" factors, the sole instance Plaintiff has visited the subject properties is the underlying February 28, 2014 visit. Plaintiff does not allege to have visited the properties before the underlying visit, between the time of the visit and when she filed the complaint, or since she filed the complaint. Simply put, there is no personal history of use of the subject facilities other than the lone, underlying visit. *See Access Now, Inc. v. South Florida Stadium Corp.*, 161 F. Supp. 2d 1357, 1364-65 (S.D. Fla. 2001) (finding personal history of use of facility and residence in the area

supported Article III standing). Nor does Plaintiff allege any connection to the properties, such as friends or family located nearby.

Plaintiff's factual allegations demonstrate isolated and therefore infrequent contact with the subject properties, and a complete lack of connection to the subject properties. For these reasons alone, Courts have dismissed cases for lack of standing. *See, e.g., Lamb v. Charlotte County*, 429 F. Supp. 2d 1302, 1309-11 (M.D. Fla. 2006) (finding infrequent contact with property, failing to visit property since filing complaint, and no connection to the property warranted finding of no standing); *Gomez v. Dade County Federal Credit Union*, 2014 WL 1217965, at *4 (S.D. Fla. Mar. 24, 2014) (plaintiff lacked standing where, *inter alia*, there was no factual support for contention that the subject facility was convenient); *Rosenkrantz v. Markopoulos*, 254 F. Supp. 2d 1250, 1253-54 (M.D. Fla. 2003) (plaintiff lacked standing where, in part, plaintiff's travel to the area was "irregular, occasional, and infrequent").

Lastly, Plaintiff has no "concrete and realistic" plan to return to the subject properties. Plaintiff has instead made the conclusory allegation that she "desires to, and would re-visit" the subject properties "to avail herself of the goods, services, facilities, privileges, advantages and/or accommodations" and to assure "compliance with the ADA[.]" *See* Compl. at ¶¶ 11, 13. Indeed, Plaintiff concedes in her response to the Motion to Dismiss that these paragraphs demonstrate a "clear desire to return." Plf. Resp. at 5-6. The Court does not agree. Plaintiff professes a nonspecific and entirely unsupported desire to return,[1] and her "future travel plans are just 'some day' intentions and lack any description of concrete plans or anything more definite" than that she "desires to, and

---

[1] Plaintiff even fails to allege she would visit the subject property in the near future, though such an allegation would seem dubious for the reasons provided in this Order.

would" return to the subject facilities." *Rosenkrantz*, 254 F. Supp. 2d at 1253; *see also Hoewischer v. Joe's Properties*, LLC, 2012 WL 139319, at *4 (M.D. Fla. Jan. 18, 2012) ("While specific dates of return may not be required, 'some day' intentions - without any description of concrete plans, or indeed even any specification of when the some day will be - do not support a finding of 'actual or imminent' injury that our cases require.") (citing *Lujan*, 504 U.S. at 564).[2] Plaintiff, therefore, has failed to allege a real and immediate threat of future injury required to establish standing in ADA cases seeking injunctive relief.

### IV. Conclusion

Accordingly, Defendant's Motion to Dismiss is granted due to lack of Article III standing. Plaintiff's Complaint is dismissed without prejudice, with leave to file an amended complaint consistent with this Order by no later than _October 20_, 2014. If Plaintiff fails to file an amended complaint by the deadline, the Court may close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 17 day of October, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

---

[2] *See also National Alliance for Accessibility, Inc. v. Par Re Bc Cf, LLC*, 2013 WL 1296272, at *3-4 (M.D. Fla. Mar. 12, 2013) (finding no standing due to "vague and speculative" allegations that Plaintiff intends to return to Defendant's property); *Lamb*, 429 F. Supp. 2d at 1311 (no standing where "allegations of intent to return to the property . . . lack the specificity required to maintain a suit for injunctive relief.").